**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**
**TULSA DIVISION**

| | |
|---|---|
| (1) HILDA L. SOLIS, Secretary of Labor § <br> United States Department of Labor, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. <br> § 10-CV-220-GKF-TLW <br> (1) JOSEPH WIGNARAJAH, § <br> (2) AIRCRAFT FUELING SYSTEMS, INC. and § <br> (3) THE AIRCRAFT FUELING § <br> SYSTEMS, INC. 401(k) PLAN, § <br> § <br> Defendants. § <br> § <br> _____§ | |

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action against Defendants, Joseph Wignarajah, Aircraft Fueling Systems, Inc., and The Aircraft Fueling Systems, Inc. 401(k) Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5); to enjoin violations of the provisions of Title I of ERISA; and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

I.

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

II.

Venue of this action lies in the United States District Court for the Northern District of Oklahoma pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

III.

The Aircraft Fueling Systems, Inc. 401(k) Plan ("Plan") is, and at all times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).  The Plan was established by, and at all times hereinafter mentioned, was maintained by an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).  During all times hereinafter mentioned, the Plan has been administered in Tulsa, Oklahoma, within the jurisdiction of this Court.

IV.

A.   Defendant Joseph Wignarajah ("Wignarajah") was, at all times relevant to this action, President, Owner, and sole corporate officer of Defendant Aircraft Fueling Systems, Inc. ("AFS"), which engaged in business and had a place of business at 5526 South 48th West Avenue, Tulsa, Oklahoma 74107, within the jurisdiction of this Court.  At all times hereinafter mentioned, Defendant Wignarajah has had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over Plan assets.  Thus, Defendant Wignarajah is and at all relevant times has been a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

B.   Defendant AFS is, and at all times hereinafter mentioned was, an Oklahoma

corporation doing business within the jurisdiction of this Court. At all times hereafter mentioned, Defendant AFS has been an employer and a Plan Sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). At all times hereinafter mentioned, Defendant AFS has been the named Plan Administrator and had or exercised discretionary authority, control and responsibility over Plan management and administration and had actual control over the Plan's assets. Thus, Defendant AFS has been a fiduciary with respect to the Plan within the meaning of ERISA Sections 3(21)(A), 29 U.S.C. § 1002(21)(A). Defendant AFS also is a party in interest to the Plan within the meaning of ERISA Sections 3(14), 29 U.S.C. § 1002(14).

  C. The Plan is joined as a party Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

V.

  A. During the period July 2007 through and including August 2008, Defendants Wignarajah and AFS were fiduciaries with respect to the Plan and violated the provisions of ERISA, in that they:

  (1) Caused the assets of the Plan to inure to the benefit of the employer and Plan sponsor and failed to hold Plan assets for the exclusive purposes of providing benefits to participants in the Plan and their beneficiaries in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1);

  (2) Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C.

§ 1104(a)(1)(A);

(3)     Failed to discharge their duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(4)     Caused the Plan to engage in transactions which they knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

(5)     Dealt with the assets of the Plan in their own interests or for their own account in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

(6)     Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such Plan and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

B.      The aforementioned violations occurred in, but were not limited to, the following Plan transactions:  failure to remit employee 401(k) contributions, employee loan payments and Plan assets to the Plan; failure to segregate the Plan's assets; permitting parties in interest to use employee 401(k) contributions and employee loan payments for their own benefit; and failure to properly administer the Plan.

VI.

As a result of engaging in breaches of their fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Part V, Defendants

4

Wignarajah and AFS have caused the Plan to suffer financial losses for which they are liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

VII.

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor, prays that this Court:

1. Permanently enjoin Defendants Wignarajah and AFS from violating the provisions of ERISA;

2. Order Defendants Wignarajah and AFS to restore all losses to the Plan, with interest thereon, resulting from their breaches of fiduciary obligations and to correct all prohibited transactions and, if necessary, to off set any claims which they may have against or with the Plan against the amount of losses, including lost opportunity costs, resulting from their violations;

3. Order Defendant Wignarajah to continue to serve as fiduciary to the Plan for the limited purpose of ensuring that Plan assets recovered in this action are disbursed to Plan participants with monthly progress reports to the Plaintiff and the Court, and once all funds have been disbursed, to terminate the Plan;

4. Upon full disbursement of funds and termination of the Plan, remove Defendant Wignarajah as fiduciary to the Plan and permanently enjoin Defendant Wignarajah from acting as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

5. Award Plaintiff costs of this action; and

6. Provide such other remedial relief as may be appropriate.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
<tr><td></td><td>M. PATRICIA SMITH<br>Solicitor of Labor</td></tr>
<tr><td></td><td>JAMES E. CULP<br>Regional Solicitor</td></tr>
<tr><td></td><td>ROBERT A. GOLDBERG<br>Counsel for ERISA</td></tr>
<tr><td>ADDRESS:</td><td>s/ Elizabeth M. Kruse_____<br>ELIZABETH M. KRUSE<br>Trial Attorney<br>TX Bar No. 24070088</td></tr>
<tr><td>Office of the Solicitor<br>U.S. Department of Labor<br>525 Griffin St., Suite 501<br>Dallas, Texas 75202<br>Telephone: 972/850-3100<br>Facsimile: 972/850-3101</td><td>RICHARD M. MOYED<br>Trial Attorney-in-Charge<br>TX Bar No. 14612550</td></tr>
<tr><td>RSOL No. 09-00832</td><td>Attorneys for Plaintiff</td></tr>
</table>